UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLAN PARMELEE,<br><br>              Plaintiff,<br><br>     v.<br><br>SANDRA CARTER, *et al*,<br><br>              Defendants. | Case No.  C05-5646RBL<br><br>ORDER |

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of a motion/request to shorten/lift the stay of proceedings imposed by this court (Dkt. #18), motion for court to sign plaintiff's *subpoena duces tecum* (Dkt. #4), motion to deny defendants' removal of case to federal court (Dkt. #11), and motion to appoint counsel or in the alternative dismiss without prejudice (Dkt. #13), and defendants' filing of a motion to stay discovery (Dkt. #15).  The court hereby finds and ORDERS as follows:

I.      <u>Plaintiff's Motions Concerning Removal</u>

      On October 6, 2005, defendants filed a notice of removal in this court, removing this matter from the Clallam County Superior Court. (Dkt. #1).  On October 17, 2005, plaintiff moved to stay defendants' removal of this matter, stating that he wished to investigate the factual and legal nature of the removal to

ORDER
Page - 1

determine whether he should file any objections with respect thereto. (Dkt. #3). On December 5, 2005, the court granted plaintiff's motion, staying all proceedings in this matter for sixty days to allow plaintiff to investigate the existence of potential objections to defendants' removal action. (Dkt. #16).

On January 6, 2005, plaintiff filed a response to the court's stay order, requesting that the stay be shortened/lifted and waiving his objections to defendants' removal. (Dkt. #18). Defendants apparently have no objection to the shortening/lifting of the stay in light of plaintiff's waiver. Accordingly, the court hereby GRANTS plaintiff's request to shorten/lift the stay (Dkt. #18). The stay hereby is lifted and no longer in effect as of the date of this order. In his response to the court's stay order, plaintiff for the same reasons further moves the court to dismiss his motion to deny defendants' removal of this case to federal court (Dkt. #11). Accordingly, the court GRANTS plaintiff's request, and hereby DISMISSES his motion to deny defendants' removal of this case to federal court (Dkt. #11).

II.     <u>Plaintiff's Motion to Appoint Counsel or Dismiss Without Prejudice</u>

With respect to his motion to appoint counsel or in the alternative dismiss without prejudice, plaintiff requests that the court dismiss his alternative portion of that motion requesting dismissal of this matter without prejudice. The court hereby GRANTS that request, and DISMISSES that portion of plaintiff's motion requesting dismissal without prejudice (Dkt. #13). For the reasons set forth below, the court also hereby DENIES that portion plaintiff's motion requesting appointment of counsel (Dkt. #13).

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff argues in his motion to appoint counsel that such counsel is needed in this matter because of "the many complex obstacles in his way placed there by defendants" that have hindered, and continue to hinder, his access to the courts. Plaintiff's Motion to Appoint Counsel, or in the Alternative Dismiss Without Prejudice, p. 3. Clearly though, this does not appear to be the case. It seems plaintiff has had no

1 trouble gaining access to this court, at least in this case, as he has been able to file at least four motions so
2 far, along with supporting documentation.  As such, it does not appear that plaintiff's ability to articulate
3 his claims *pro se* warrants appointment of counsel, nor has he demonstrated a likelihood of success on the
4 merits.  Accordingly, his motion to appoint counsel (Dkt. #13) hereby is DENIED.

5 III.   Plaintiff's Motion for Court to Sign *Subpoena Duces Tecum*

6   In his motion for court to sign plaintiff's *subpoena duces tecum*, plaintiff requests the court issue
7 him a *subpoena duces tecum* for the purposes of obtaining the home addresses of all of the Department of
8 Corrections ("DOC") defendants named in his complaint. (Dkt. #4).  Plaintiff asserts he requires such a
9 subpoena, because he anticipates he will be unable to properly effect service by using the DOC defendants
10 place of business addresses.  However, there is no indication in the record other than his own assertions to
11 that effect, that plaintiff has attempted to serve, or been thwarted from being able to serve, them at their
12 place of business addresses.

13   At least with respect to defendants Harold Clarke, Lynne Delano, Joseph Lehman, Dean Mason,
14 Sandra Carter, Brian McGarvie, Ruben Cedano, John Aldana, Sandra Dimmell, Susan Winters, Al
15 Moseley, and Helen Schuler-Sharpes ("DOC defendants"), furthermore, it appears they all have waived
16 personal service in their response to plaintiff's motion. See Defendants' Response to Plaintiff's Motion for
17 *Subpoena Duces Tecum*, p. 2 (Dkt. #5).  Plaintiff argues serving the DOC defendants at their home
18 addresses is cheaper and easier than serving them at their place of business addresses, but it is difficult to
19 understand how this is so, and plaintiff has not shown this to be the case other than again to rely solely on
20 unsupported assertions that DOC defendants in general actively thwart service attempts.

21   Plaintiff's argument that the DOC defendants' home addresses would be available to him in any
22 event through discovery of their personnel files is not well taken, as there is no indication at this point that
23 anything contained in those files, including home addresses, will be relevant to his claims or the subject
24 matter of this case. See Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1).  Finally, the court
25 notes that the subpoena attached to plaintiff's motion that the court is being requested to sign does not
26 comply with the requirements of Fed. R. Civ. P. 45. See Fed. R. Civ. P. 45(a), (c) and (d); (Dkt. #4-3).
27 Accordingly, for all of the reasons set forth above, plaintiff's motion for court to sign plaintiff's *Subpoena*
28 *Duces Tecum* (Dkt. #4) hereby is DENIED.

IV. <u>Defendant's Motion to Stay Discovery</u>

On December 2, 2005, the DOC defendants filed a motion to stay discovery in this case pending the court's resolution of plaintiff's request to stay removal of this matter. (Dkt. #15). Specifically, they request that if the court grants plaintiff's motion, they be granted an additional thirty days from the date the stay is no longer in effect to object and/or answer the discovery requests plaintiff apparently already has made. Plaintiff objects to the DOC defendants' request, stating that he will be significantly prejudiced by any delay in the discovery process, that the DOC defendants have not acted in good faith in seeking a stay of discovery, and that they have failed to comply with the conference requirement of Fed. R. Civ. P. 37. <u>See</u> Fed. R. Civ. P. 37(a); Local Rule CR 37(a).

The court, however, fails to see how plaintiff will be significantly prejudiced, or prejudiced at all for that matter, by granting the DOC defendants' motion. Plaintiff argues the DOC defendants failed to act in good faith by waiting a month to file their motion, but plaintiff's point is hard to take given that he himself filed his motion to stay this case nearly three weeks prior to serving his discovery requests on the DOC defendants. <u>See</u> Plaintiff's Response and Objections to Some of DOC Defendants' Motion to Stay Discovery, pp. 3-4 (Dkt. #21). It was not unreasonable for the DOC defendants to have sought a stay in discovery as well, considering plaintiff sought a stay in this case as a whole. Lastly, plaintiff's reliance on Fed. R. Civ. P. 37(a) is misplaced, as the type of conferral he refers to is only required when a motion to compel discovery is being sought. Such is not the case here.

For all of the above reasons, the court finds the DOC defendants' request for a thirty day extension in which to object to and/or answer the discovery plaintiff has served on them is reasonable. Accordingly, in light of the fact that the court's stay has been lifted, the DOC defendants shall file any such objections and/or answers within thirty (30) days of the date of this order. Thus, to that extent, the DOC defendants' motion to stay discovery (Dkt. #15) hereby is GRANTED.

The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 13th day of January, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4