UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

        Plaintiff,

v.

SANDRA CARTER, *et al*,

        Defendants.

Case No. C05-5646RBL

REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION REGARDING SPECIAL MAIL RESTRICTIONS

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's filing of a motion to order all parties and the Court to comply with defendants' special mail restrictions or bar restrictions. (Dkt. #26). Having reviewed plaintiff's motion and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Ronald B. Leighton's review.

## DISCUSSION

In his motion, plaintiff argues the State of Washington Department of Corrections ("DOC") defendants ("defendants")[1] have been applying a selective, arbitrary and capricious policy at the institution

---

[1] Because the Court via separate order has remanded all claims concerning non-DOC defendants to state court (see Order Remanding Claims Against Private Parties to State Court, dated the same date herewith), only DOC defendants remain in this case. Accordingly, the term "defendants" as used herein, refers only to the DOC defendants.

REPORT AND RECOMMENDATION
Page - 1

where he is currently incarcerated, which requires a prisoner's full name and prisoner number to be placed on all enclosures contained in mail sent to that prisoner. Plaintiff asserts defendants have been using this policy as a pretext to obstructing selected prisoner mail, and that access to his mail has been both delayed and restricted. He seeks an order requiring defendants and the Court to comply with the mail restrictions policy or bar defendants from enforcing those restrictions with respect to items that are not specifically identified in that policy.

In essence, therefore, plaintiff is seeking injunctive relief from the Court regarding the application of this policy. The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill either of two standards, the "traditional" or the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted). To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Defendants acknowledge the DOC policy regarding the inclusion of prisoner's names and numbers on mail enclosures. However, defendants note that plaintiff has failed to cite any example of a document sent to him in the context of this action that he did not receive due to this policy. In addition, plaintiff has failed to allege he has not received any order or other document from this Court as the result of the DOC policy. Indeed, plaintiff has not shown his ability to pursue his cause of action against defendants in any way has been hindered by the application of that policy, as demonstrated by the numerous motions and voluminous documentation he has filed in this matter to date. Finally, defendants assert an order from the Court regarding this issue is not necessary, as all defendants are now on notice regarding the requirements of that policy and will comply therewith. The undersigned agrees.

Plaintiff has made no showing that the traditional or alternative standards for obtaining preliminary injunctive relief have been met here. He has failed to show he has been harmed in any way as a result of

REPORT AND RECOMMENDATION
Page - 2

1  the DOC policy in question with respect to this litigation. He also has not shown a likelihood of success
2  on the merits of his claims. <u>See, e.g.,</u> Order Remanding Claims Against Private Parties to State Court,
3  dated the same date herewith. In addition, even if it can be said plaintiff was entitled to it, it is premature
4  at this stage of the proceedings to order permanent injunctive relief in this matter.
5    Finally, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation
6  in which he is not designated as a party or to which he has not been made a party by service of process."
7  <u>Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969). In other words, "a court has no
8  power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the
9  defendant." <u>Id.</u> Here, plaintiff requests the Court enjoin defendants from enforcing a department-wide
10  policy. Although plaintiff asserts otherwise, he has not shown that any of the named defendants in this case
11  has the authority to alter or rescind the DOC policy in question. As such, the court has no power to grant
12  the injunctive relief requested.

### CONCLUSION

14    For all of the above reasons, the court should deny plaintiff's motion for to order all parties and the
15  Court to comply with defendants' special mail restrictions or bar restrictions. (Dkt. #26).
16    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
17  the parties shall have ten (10) days from service of this Report and Recommendation to file written
18  objections thereto. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
19  objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit
20  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 12,**
21  **2006**, as noted in the caption.
22    The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.
23    DATED this 19th day of April, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3