UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

               Plaintiff,

      v.

SANDRA CARTER, *et al*,

               Defendants.

Case No.  C05-5646RBL-KLS

ORDER REGARDING
DEFENDANTS' MOTIONS TO
QUASH DEPOSITIONS AND
PLAINTIFF'S MOTION IN
RESPONSE THERETO

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendants' motion to quash depositions (Dkt. #72) and supplemental motion to quash depositions (Dkt. #101), and plaintiff's motion to shorten time and to deny defendants' motions to quash depositions without prejudice pending appearance of counsel (Dkt. #106).   After reviewing the above three motions and the balance of the record, the Court finds and orders as follows:

On April 27, 2006, defendants filed a motion to quash deposition notices directed to defendants Harold Clarke, Joseph Lehman, Sandra Carter, Lynne Delano, Dean Mason and Bryan McGarvie.  They argue that such notices should be quashed, because these named defendants are "highly placed public officers," and as such as not subject to deposition.  Defendants further assert the depositions should not be

ORDER
Page - 1

1  allowed to take place, because plaintiff is likely to be harassing and inappropriate.  As such, defendants

2  request plaintiff be restricted to written discovery.  On June 9, 2006, defendants filed a supplemental

3  motion to quash deposition notices directed to Kerri McTarsney, Carol Riddle and Roy Gonzalez, for the

4  same reasons they set forth in their original motion to quash.

5        Plaintiff has responded to both of defendants' motions by filing his motion to shorten time and to

6  deny defendants' motions without prejudice pending appearance of counsel on his behalf.  In his motion,

7  plaintiff states that he is in the process of retaining counsel to represent him in this matter.  He states that

8  he has withdrawn the notices of deposition he sent to the above named defendants.  Plaintiff requests that

9  defendants' motions be denied without prejudice pending the retention and appearance of counsel on his

10  behalf.  He argues that defendants would not be prejudiced by doing so, and could re-note their motions

11  after counsel has appeared on his behalf, which he expects to happen within thirty days.

12        In their response to plaintiff's motion, defendants state that they would agree to a stay of this case

13  in order for plaintiff to retain counsel.  If such a stay occurs and counsel is retained by plaintiff, defendants

14  further state they would move to strike all other pending motions and start anew with the assistance of the

15  retained counsel.  Defendants, however, still maintain their argument that plaintiff should be limited to

16  written discovery, because the probability of harassment remains high.

17        Because the parties appear to be in agreement to allow a stay of proceedings in this case pending

18  plaintiff's retention of counsel, plaintiff's motion to shorten time (Dkt. #106) hereby is GRANTED to the

19  extent this matter hereby is STAYED until **August 4, 2006**.  Plaintiff shall have any counsel retained on his

20  behalf file a notice of appearance by no later than that date, or the Court will address the merits of

21  defendants' motions to quash, except with respect to the issue of written discovery, which the Court shall

22  address below.  Defendants' motion to quash depositions (Dkt. #72) and supplemental motions to quash

23  depositions (Dkt. #106), therefore, hereby are re-noted for **August 18, 2006**.  All other motions that are

24  currently pending before the Court (see, e.g. plaintiff's motion to compel and for sanctions (Dkt. #100),

25  motion to reconsider pretrial order (Dkt. #104), and motion for court to sign and issue summons and to

26  enlarge rule 4(m) time (Dkt. #108)) hereby are re-noted until that date as well.

27        If a notice of appearance by counsel on plaintiff's behalf is filed by August 4, 2006, however, the

28  Court shall strike defendants' motions to quash without prejudice pursuant to defendants' indication that

they would be willing to do so in that instance.  As no request has been made to strike the other motions

ORDER
Page - 2

1   noted above that are currently pending before the Court though, if such a notice of appearance is timely

2   filed, those motions will be considered on their merits, unless the parties notify the Court otherwise prior to

3   their re-noted hearing date.

4          Defendants' request to limit plaintiff to written discovery in this matter is pre-mature at this time.

5   First, as noted above, the Court has stayed proceedings in this matter until August 4, 2006.  In addition,

6   the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") already provide defendants with a method for

7   dealing with any harassing or other inappropriate behavior that might occur during the depositions.  That

8   is, defendants may move for an order to cease the deposition or to limit its scope and manner, if "[a]t any

9   time," is shown that the deposition "is being conducted in bad faith or in such manner as unreasonably to

10  annoy, embarrass, or oppress the deponent or party." Fed. R. Civ. P. 30(d)(4).  Accordingly, defendants'

11  request to limit plaintiff to written discovery at this time hereby is DENIED.

12         The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

13         DATED this 5th day of July, 2006.

14

15

16

17                                        Karen L. Strombom
                                          United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3