UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLAN PARMELEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDRA CARTER, *et al*,<br><br>    Defendants. | Case No.  C05-5646RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 1, 2006 |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court because of plaintiff's motion to appoint counsel or, in the alternative, dismiss without prejudice. (Dkt. #121).  After reviewing the record, the undersigned recommends that the court dismiss plaintiff's complaint without prejudice for the reasons set forth below.

DISCUSSION

In his motion, plaintiff requests for the second time that the Court appoint him counsel in this matter. In support of that request, plaintiff states that the law and facts of this case are complex, that all attorneys he has contacted in an attempt to obtain legal representation have declined stating that the case is too complex, and that he has been prevented by defendants from getting access to adequate legal resources and therefore from being able to properly litigate this case *pro se*.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331

ORDER
Page - 1

(9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff previously filed a motion to appoint counsel. (Dkt. #13). The undersigned denied that motion because it found plaintiff had no trouble gaining court access as evidenced by his ability to make a number of filings. (Dkt. #23). For that reason, the undersigned found it did not appear that he had any difficulty articulating his claims *pro se*. In addition, the undersigned noted that plaintiff had failed to demonstrate a likelihood of success on the merrits.

The undersigned finds that same reasons for denying plaintiff's current request to appoint counsel still exist here. Plaintiff has filed numerous filings and supporting documentation in this matter. His assertions of legal and factual complexity with respect to this issues he raises, furthermore, so far are just that, mere assertions. Finally, plaintiff once more has failed to demonstrate a likelihood of success on the merits, particularly in light of the fact that a number of his previous claims are no longer before the Court as part of this action. Accordingly, for all of the foregoing reasons, plaintiff's second and current request for appointment of counsel should be denied.

As noted above, plaintiff further requests in the alternative that if he is not appointed counsel he be allowed to voluntarily dismiss his complaint without prejudice. Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41, plaintiff has the right to voluntarily dismiss his case without order of the Court when no answer or motion for summary judgment has been filed by an adverse party. Fed. R. Civ. P. 41(a)(1). Here, however, defendants have answered plaintiff's complaint. In such cases, voluntary dismissal may still be had by stipulation of all of the parties who have appeared in the action. Id.

In their response to plaintiff's motion, the remaining defendants in this case[1] state that without conceding the truth or validity of plaintiff's stated reasons for requesting such dismissal, they have no objection to the Court granting that request. Accordingly, for that reason, plaintiff's voluntary request to dismiss this matter without prejudice should be granted.

---

[1] Although a motion requesting entry of final judgment in favor of Versuslaw, Inc. and Joe Acton pursuant to Fed. R. Civ. P. 54(b) recently was filed with the Court, all of plaintiff's remaining claims against Versuslaw, Inc. and Joe Acton previously were remanded to state court. As such, Versuslaw, Inc. and Joe Acton no longer are parties to this case.

ORDER
Page - 2

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court deny plaintiff's request for appointment of counsel, and that it dismiss this matter without prejudice pursuant to Local Rule CR 41(a)(1). The undersigned further recommends that all other motions currently pending before the Court in this matter be dismissed as well.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **September 1, 2006**, as noted in the caption.

DATED this 7th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge